IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHELLEY VARNADO                                              PLAINTIFF

V.                              CIVIL ACTION NO 5:21-cv-00093-DCB-LGI

LIBERTY COMMUNITY LIVING CENTER, LLC                         DEFENDANT

ORDER

BEFORE THE COURT is Defendant Liberty Community Living Center, LLC's ("Defendant") Motion In Limine [ECF No. 42] ("Motion") to exclude hearsay statements. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.  Background

On July 27, 2021, Plaintiff Shelley Varnado ("Plaintiff") sued Defendants in the Circuit Court of Amite County, Mississippi, claiming Title VII racial discrimination, Title VII retaliation, and a McArn wrongful termination violation. [ECF 1-1] at 4-5. Plaintiff then served Defendants on September 20, 2021. [ECF No. 1] at 1. Defendants removed this case on October 19, 2021, and subsequently moved for summary judgment on October 17, 2022. [ECF No. 1]; [ECF No. 32]; [ECF No. 34]. The Court dismissed all claims against Defendant Community Eldercare

1

Services, LLC, and the Title VII discrimination and the McArn wrongful termination claims against the remaining Defendant. [ECF No. 40]. All that remains is the Title VII retaliation claim. Id.

In its instant Motion, Defendant moves to preclude Plaintiff from presenting at trial evidence of statements allegedly made by Patty Eisenmann ("Eisenmann"), a consultant employed by Community Eldercare Services, LLC,[1] ("CES") who serves as an agent of Defendant, expressing surprise regarding Plaintiff's termination and a lack of prior knowledge surrounding the termination. [ECF No. 42] at 2.

II.  Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." Parker v. Tyson Foods, Inc., 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). "Evidence should not be excluded in limine unless

---

[1] Community Eldercare Services, LLC, serves as Defendant's management company. [ECF No. 44-1].

it is clearly inadmissible on all potential grounds." Fair v. Allen, No. 09-2018, 2011 WL 830291, at *1 (W.D.La. Mar. 3, 2011); see also Hull v. Ford, No. C-05-43, 2008 WL 178890, at *1 (S.D.Tex. Jan. 17, 2008).

Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." Id. (quoting United States v. Beasley, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay if "[t]he statement is offered against an opposing party and ... was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."

III. Discussion

Eisenmann, the district manager over the Liberty facility where Plaintiff was employed, allegedly expressed her surprise to Plaintiff regarding Plaintiff's termination via a phone call immediately after its occurrence. [ECF No. 44] at 3; [ECF No. 36-2] at 1-2. Defendant, however, avers that Eisenmann had facilitated a meeting a few days prior during which the decision was made to fire Plaintiff and was fully aware of the looming termination. [ECF No. 32-8]; [ECF No. 32-9]. If accepted as true

by a jury, Eisenmann's alleged statements to Plaintiff lend credence to a prima facie case of unlawful retaliation. Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996).

Rule 801 does not define "agent," so courts rely on the general common law principles of agency to define it. United States v. Saks, 964 F.2d 1514, 1523–24 (5th Cir. 1992). "The federal common law of agency has frequently been derived from the Restatement of Agency." Salyers v. Metro. Life Ins. Co., 871 F.3d 934, 939 n.3 (9th Cir. 2017). According to the Restatement, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01. "If the principal requests another to act on the principal's behalf, indicating that the action should be taken without further communication and the other consents so to act, an agency relationship exists." Id. at cmt. c.

Defendant asserts that although Eisenmann served as a consultant to Defendant on behalf of its management company, CES, Eisenmann was not an employee or agent of Defendant and as such her statements cannot be admissions under 801. [ECF No. 45] at 2. "[N]ot every agent is an employee" and "an independent

4

z
w

contractor may be an agent even if [she] is not an employee." Alfaro-Huitron v. Cervantes Agribusiness, 982 F.3d 1242, 1252, 1256 (10th Cir. 2020).

With these principles in mind, the Court turns to the evidence presented in this case. The evidence shows that Defendant appointed CES as an agent to "assist in the hiring of employees for" Defendant. [ECF No. 34-4] at 1-2. The Management Agreement between Defendant and CES expressly requests that CES "[a]ssist [Defendant] to select, employ, supervise, and train an adequate staff…" and "[h]andle and settle all employee relation matters…" Id. at 2, 4.

Defendant appointed CES as its agent to manage much of its operation, including employment matters. Id. In turn, CES hired Eisenmann to carry out that agency relationship. [ECF No. 32-4] at 3. Eisenmann, through this agency relationship, met with Plaintiff and promoted her to the final position Plaintiff held prior to her termination. Id. As discussed supra, Defendant claims Eisenmann participated in a meeting during which the decision was made to terminate Plaintiff. [ECF No. 32-8]; [ECF No. 32-9]. This evidence shows that CES and Eisenmann acted as Defendant's agents as it relates to employment matters generally and specifically to Plaintiff's own employment saga, which

collectively inform the nature of CES's and Eisenmann's agency relationship with Defendant.

Based on the current record, it is clear that Plaintiff has established Eisenmann was acting as an agent "concerning a matter within the scope of the agency or employment." Fed.R.Evid. 801(d)(2)(D). The Court will therefore deny Defendant's Motion, because the statements at issue fall squarely under the 801(d)(2)(D) exclusion to hearsay.

IV.  Conclusion

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion in Limine [ECF No. 42] is DENIED.

SO ORDERED, this 4th day of January, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE